UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| BILLY LEE JOSLIN, JR.,<br><br>                Petitioner,<br><br>    v.<br><br>JOSH TEWALT, DIRECTOR OF THE IDOC,<br><br>                Respondent. | Case No. 1:21-cv-00020-REB<br><br>**INITIAL REVIEW ORDER** |

Petitioner has filed a Petition for Writ of Habeas Corpus challenging his state court convictions. *See* Dkt. 1. Petitioner has also filed a Motion to Stay. *See* Dkt. 3. The Court now reviews the Petition to determine whether it is subject to summary dismissal under 28 U.S.C. § 2243 and Rule 4 of the Rules Governing § 2254 Cases ("Habeas Rules").

1. **Standard of Law**

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Habeas Rule 4. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

INITIAL REVIEW ORDER - 1

**2.    Review of Petition**

In a jury trial in the First Judicial District Court in Kootenai County, Idaho, Petitioner was convicted of rape and attempted strangulation. *See State v. Joslin*, 457 P.3d 172, 173 (Idaho Ct. App. 2019), *reh'g denied* (Feb. 24, 2020). The judgment of conviction was entered on November 2, 2017. Dkt. 1 at 1. Petitioner received a fixed life sentence. Petitioner pursued a direct appeal and is currently in the process of litigating state post-conviction proceedings. *See* Dkt. 3.

In the instant Petition for Writ of Habeas Corpus, Petitioner brings a single claim—that the trial court "erred and abused its discretion by allowing the introduction of irrelevant and prejudicial evidence" from Petitioner's ex-wife. Dkt. 1 at 3. However, Petitioner does not base his claim on a violation of federal law.[1] State law abuse of discretion claims are not cognizable in habeas corpus. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law."). Therefore, the Petition is subject to summary dismissal.

Petitioner will be granted leave to amend his petition to assert a cognizable claim. In drafting an amended petition, Petitioner should take into consideration the following principles.

---

[1] Petitioner's vague statement that the trial court "did not act consistently with applicable legal standards of both state and federal" law is insufficient to provide Respondent with fair notice of the federal claim. *See* Habeas Rule 2(c)(1) (requiring that a petition "specify all the grounds for relief available to petitioner"); *O'Neal v. Christensen*, No. 1:19-CV-00483-REB, 2020 WL 184591, at *1 (D. Idaho Jan. 13, 2020) ("[A] habeas petitioner must include—in the petition *itself*—all of the information necessary to adjudicate that Petition.") (internal quotation marks omitted).

3.  **Exhaustion and Procedural Default**

A habeas petitioner must exhaust all remedies in the state courts before a federal court can grant relief on a constitutional claim. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847.

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is "procedurally defaulted." *Gray*, 518 U.S. at 161–62, 170. A federal court can consider the merits of a procedurally defaulted claim only if the petitioner meets one of two exceptions: (1) a showing of adequate legal cause for the default and prejudice arising from the default, *see Coleman*, 501 U.S. at 731, or (2) a showing of actual innocence, which means that a miscarriage of justice will occur if the claim is not heard in federal court, *see Schlup v. Delo*, 513 U.S. 298, 329 (1995); *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

4.  **Stay-and-Abey Procedures and Relation-Back**

Petitioner states that the single claim in his Petition is exhausted. *See* Dkt. 1. However, because state post-conviction proceedings are pending, none of the claims

Petitioner is pursuing in state court is exhausted. *See* Dkt. 3. Petitioner asks that the Court stay this case while Petitioner exhausts those claims. *Id.*

The Petitioner needs to be aware, and the Court notifies Petitioner, that failing to raise his unexhausted claims in an amended petition in this case may jeopardize his federal statute of limitations filing date.

In *Rhines v. Weber*, the Supreme Court held that federal district courts have discretion to stay a mixed habeas petition—a petition containing both exhausted and unexhausted claims—to allow the petitioner to present the unexhausted claims to the state courts and then later return to federal court for review of the perfected petition. 544 U.S. 269, 277 (2005). The Ninth Circuit has since extended the holding in *Rhines*, so that this "stay-and-abeyance procedure is not limited to mixed petitions, and a district court may stay a petition that raises *only* unexhausted claims." *Mena v. Long*, 813 F.3d 907, 908 (9th Cir. 2016). Staying a habeas case preserves the original filing date of the claims asserted in the original petition, for purposes of the one-year federal statute of limitations period.

In determining whether to exercise its discretion to grant a stay, a district court should consider whether the petitioner had good cause for his failure to exhaust, whether the unexhausted claims are potentially meritorious, and whether there is any indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id.* at 277–78. To meet the "good cause" standard, a petitioner typically must bring forward sufficient evidentiary support to show a reasonable excuse justifying his failure to exhaust. *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014).

An important consideration for federal habeas petitioners is that the federal statute of limitations contains a tolling provision. That provision stops or suspends the one-year limitations period from running, but only for the "time during which a *properly filed* application for State post-conviction or other collateral review … is pending." 28 U.S.C. § 2244(d)(2) (emphasis added). The federal statute is not tolled between the date the direct appeal is "final" and the filing of a proper post-conviction application, nor is it tolled between post-conviction finality and any successive collateral review petition. *Id*. Further, each time statutory tolling ends, the statute of limitations does not restart at one year. Instead, the limitations period begins running at the place where it stopped before the collateral review action was filed.

Hence, if a petitioner files an untimely state post-conviction action—or one that is procedurally improper for another reason—then that action cannot toll the federal limitations period. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005). Unfortunately, a petitioner usually does not receive a state court order concluding that a post-conviction action is procedurally improper until *after* the federal statute of limitations has expired, causing loss of the claims the petitioner had hoped to exhaust in the state post-conviction matter. Once a federal statute of limitations has expired, it cannot be reinstated or resurrected by a later-filed state court action. *See Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

There is a second important statute-of-limitations consideration for federal habeas petitioners: If a petitioner amends a petition after the federal statute of limitations has run,

the amendments might not receive the benefit of, or "relate back" to, the original petition's filing date.² Amendments relate back to the original petition only if the original and amended pleadings both arise out of the same "'conduct, transaction, or occurrence.'" *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (alteration omitted) (quoting Fed. R. Civ. P. 15(c)(2), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562–63 (2007). Because Rule 15 is applied in conjunction with the "more demanding" standard in Habeas Rule 2(c), the words "same 'conduct, transaction, or occurrence" do *not* mean simply "the same 'trial, conviction, or sentence.'" *Id*. at 655, 664. Rather, relation back is proper only when "the original and amended petitions state claims that are tied to a common core of operative facts."³ *Id*.

The Court uses a two-step analysis to decide whether, for statute of limitations purposes, a claim in an amended petition relates back to a claim in the original petition. The Court first must "determine what claims the amended petition alleges and what core facts underlie those claims." *Ross v. Williams*, 950 F.3d 1160, 1167 (9th Cir. 2020). Then, "for each claim in the amended petition," the Court must "look to the body of the original petition and its exhibits to see whether" (a) "the original petition set out or

---

² Timeliness is determined on a claim-by-claim basis, rather than giving the petition as a whole a single limitations period. *Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012) ("Therefore, we hold that AEDPA's one-year statute of limitations in § 2244(d)(1) applies to each claim in a habeas application on an individual basis.").

³ The Supreme Court offered the following examples of cases where this standard was satisfied: (1) *Mandacina v. United States*, 328 F.3d 995, 1000–1001 (8th Cir. 2003), in which the original petition alleged violations of *Brady v. Maryland*, 373 U.S. 83 (1963), "while the amended petition alleged the Government's failure to disclose a particular report," and "[b]oth pleadings related to evidence obtained at the same time by the same police department"; and (2) *Woodward v. Williams*, 263 F.3d 1135, 1142 (10th Cir. 2001), in which "the original petition challenged the trial court's admission of recanted statements, while the amended petition challenged the court's refusal to allow the defendant to show that the statements had been recanted." *Mayle*, 545 U.S. at 664 n.7.

INITIAL REVIEW ORDER - 6

attempted to set out a corresponding factual episode," or (b) "whether the claim is instead supported by facts that differ in both time and type from those the original pleading set forth." *Id.* (internal quotation marks and alterations omitted).

In addition, an amendment invoking a legal theory not suggested in the original petition relates back to that original petition only if it arises from the same "episode-in-suit." *Mayle*, 545 U.S. at 659–60 (citing *Tiller v. Atl. Coast Line R. Co.*, 323 U.S. 574, 580–81 (1945)). For example, ineffective assistance claims relate back to claims where the underlying substantive error is based on the same set of facts. *See Nguyen v. Curry*, 736 F.3d 1287, 1296–97 (9th Cir. 2013) (determining that a claim that appellate counsel was ineffective for failing to raise double jeopardy related back to a timely-raised substantive double jeopardy claim), *abrogated on other grounds by Davila*, 137 S. Ct. 2058. District courts following *Mayle* and *Nguyen* have held that ineffective assistance of trial counsel claims presented in a later amendment relate back to the original petition's substantive claims that underlie the ineffective assistance claims, and vice versa. *See, e.g., Abdulle v. Uttecht*, 2020 WL 2065882 (W.D. Wash. Jan. 6, 2020) (Report and Recomm'n), *relevant portion adopted by*, 2020 WL 2063772, at *2 (W.D. Wash. Apr. 29, 2020) (District Court Order).

**5.      Conclusion**

The Petition is subject to summary dismissal, under 28 U.S.C. § 2243 and Habeas Rule 4, because it does not state a cognizable federal claim. Petitioner will have an opportunity to file an amended petition that includes all his claims.

## ORDER

**IT IS ORDERED:**

1. Petitioner may file an amended petition within 60 days after entry of this Order. Petitioner is on notice that he should include, in any amended petition, all of the claims he wants the Court to consider in the instant habeas action, whether or not those claims have yet been exhausted in the state courts. The amended petition also must clearly describe the current status of Petitioner's post-conviction proceedings, such as the date the state post-conviction petition was filed and the court in which it was filed.

2. The Court will issue a ruling on Petitioner's Motion to Stay after it reviews the amended petition.

3. If Petitioner does not file an amended petition, this case may be dismissed, with prejudice and without further notice, for (1) failure to assert a cognizable federal claim as explained above, (2) failure to prosecute, or (3) failure to comply with a Court order.

DATED: March 15, 2021

_____
Ronald E. Bush
Chief U.S. Magistrate Judge