UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BILLY LEE JOSLIN, JR.,<br><br>   Petitioner,<br><br>v.<br><br>JOSH TEWALT, DIRECTOR OF THE IDOC,<br><br>   Respondent. | Case No. 1:21-cv-00020-REP<br><br>**SUCCESSIVE REVIEW ORDER** |

On January 5, 2021, Petitioner filed a petition for writ of habeas corpus challenging his state court convictions for rape and attempted strangulation. *Pet.*, Dkt. 1. United States Magistrate Judge Ronald E. Bush reviewed the petition pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules"). Judge Bush determined that the petition appeared subject to summary dismissal because Petitioner's only claim was not based on an alleged "violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Instead, the petition asserted only an Idaho state law claim that the trial court abused its discretion by admitting certain evidence. *Initial Review Order*, Dkt. 7. The Court gave Petitioner an opportunity to amend the petition, and Petitioner has done so. *See Am. Pet.*, Dkt. 10. Petitioner has also asked the Court to stay this case pending completion of his state court post-conviction proceedings. *Mot. to Stay*, Dkt. 3, at 1.

SUCCESSIVE REVIEW ORDER - 1

When Judge Bush took inactive status, this case was reassigned to the undersigned judge. *See* Dkt. 11.

The Court retains its screening authority under Habeas Rule 4 and concludes that the Amended Petition does not remedy the deficiencies identified in the Initial Review Order. Petitioner now includes the Federal Rules of Evidence as the basis for his habeas claim. *Id*. at 2–4. However, those rules "do not apply in Idaho state court and cannot be the basis of a claim under 28 U.S.C. § 2254." *Thumm v. Tewalt*, No. 1:19-CV-00389-DCN, 2020 WL 6291365, at *4 (D. Idaho Oct. 27, 2020) (unpublished). Therefore, it "plainly appears from the petition … that the petitioner is not entitled to relief." Habeas Rule 4.

**ACCORDINGLY, IT IS ORDERED:**

1. This case is DISMISSED without prejudice.[1] This Order does not prohibit Petitioner from filing a new, separate action asserting a cognizable habeas corpus claim under § 2254, such as a claim that certain trial evidence was admitted in violation of the Due Process Clause of the Fourteenth Amendment.

2. Because the Amended Petition must be dismissed, Petitioner's Motion to Stay (Dkt. 3) is DENIED AS MOOT.

---

[1] All parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. 6.

3. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Habeas Rule 11. If Petitioner intends to appeal, he must file a timely notice of appeal in this Court. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: June 25, 2021

_____
Honorable Raymond E. Patricco
United States Magistrate Judge